# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANNEL CENTENO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF FRESNO, et al.,<br><br>    Defendants. | Case No.  1:16-cv-00653-DAD-SAB<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF Nos. 19, 20, 23, 24)<br><br>ORDER STRIKING DEFENDANT'S OPPOSITION FROM THE RECORD (ECF No. 20) |

Currently before the Court is the parties' joint statement of discovery disagreement regarding Plaintiff Heriberta Centeno's ("Plaintiff") motion to compel Defendant City of Fresno ("Defendant" or "the City") to produce documents in Officers Felipe Miguel Lucero and Zebulon Price's personnel files.   The Court heard oral argument on November 30, 2016. Counsel Humberto Guizar appeared telephonically for Plaintiff, and counsel Tony Sain appeared telephonically for Defendant.   Having considered the joint statement, the declarations and exhibits attached thereto, the declarations and exhibits attached to Defendant's opposition to the motion to compel, arguments presented at the November 30, 2016 hearing, as well as the Court's file, the Court issues the following order.

## I.

## BACKGROUND

On November 22, 2016, the parties filed a joint statement re discovery agreement.  (ECF No. 19.)  On November 23, 2016, Defendant filed an opposition to the motion to compel, and

1   attached declarations and exhibits.  (ECF No. 20.)  On November 27, 2016, Plaintiff Heriberta

2   Centeno filed an objection to Defendant's opposition.  (ECF No. 23.)  On November 28, 2016,

3   Defendant filed a response to Plaintiff Heriberta Centeno's objections.  (ECF No. 24.) [1]  As the

4   Court finds that Defendant's opposition (ECF No. 20), except for the attached declarations and

5   exhibits, should be stricken from the record, the Court does not consider the opposition in

6   rendering this order.  The Court does consider the declarations of Tony M. Sain, Esq., and Lt.

7   Mindy Casto and the attached exhibits.

8        Plaintiff is seeking to compel Defendant to produce the personnel records of Officers

9   Lucero and Price.  Officers Lucero and Price shot Freddy Centeno (hereafter "decedent") when

10  they responded to a call from a woman that a man had come to the front door of her home and

11  pointed a gun at her.  When Officers Lucero and Price confronted decedent, decedent reached his

12  hand into his shorts pocket, drew out a black object that the officers believed was a gun, and

13  raised and pointed that black object toward one of the officers.  Officers Lucero and Price then

14  both fired at decedent.  The decedent later died of his gunshot wounds.

15       Plaintiff alleges that Officers Lucero and Price used excessive force against decedent,

16  committed assault and battery, and were negligent.  Plaintiff also alleges that Defendant is liable

17  for unconstitutional custom, practice, or policy under Monell v. Department of Social Services,

18  436 U.S. 658, 691 (1978).

19       Plaintiff propounded discovery requests which request all tort claims, all internal affairs

20

21  _____

    [1] Although Defendant docketed and titled the November 23, 2016 filing as an "opposition," the main purpose of that

22  filing was so that Defendant could file its declarations and supporting exhibits in support of its opposition to
    Plaintiff's motion to compel.  The briefing section of the opposition is identical to what Defendant had provided in

23  its sections of the joint statement.  However, "[a]ll arguments and briefing that would otherwise be included in a
    memorandum of points and authorities supporting or opposing the motion shall be included in this joint statement,

24  and no separate briefing shall be filed."  L.R. 251(c).  Therefore, based on Local Rule 251, Defendant should not
    have filed its "opposition" separate from the joint statement, even if the opposition is identical to Defendant's

25  portions of the joint statement.  Defendant had indicated to Plaintiff in an email prior to the joint statement being
    filed that it would file its exhibits separate from the joint statement and the joint statement itself says that Defendant

26  will separately file its declarations and supporting exhibits.  (ECF No. 24 at 14-16; ECF No. 19 at 4.)  Defendant
    could have filed just the declarations and supporting exhibits instead of filing them with the briefing and should

27  have docketed the filing as something else besides "opposition."  Therefore, the Court finds that Defendant's
    opposition (ECF No. 20), but not the attached declarations and exhibits (ECF Nos. 20-1, 20-2) should be stricken.

28  The Court also notes that even though Plaintiff titled her November 27, 2016 filing as "objection," it was docketed
    as "opposition to the motion."  Therefore, both parties should be more careful in selecting the event when docketing
    filings.

1    investigations, investigations involving excessive force, all disciplinary files, all lawsuits, and all

2    tort claims involving excessive force for Officers Lucero and Price without limitation as to date.

3    Although Defendant objected to these requests for production of documents on multiple grounds,

4    Defendant offered to produce Fresno Police Department officer personnel file records for

5    Officers Lucero and Price for up to five years prior to the incident (September 3, 2010 through

6    September 3, 2015) on investigations concerning the use of force/excessive force and/or officer

7    dishonesty.  Plaintiff rejected this offer, so these documents have not been produced, although

8    Defendant has produced reports and information related to the instant incident ("Centeno

9    incident").

10                                              **II.**

11                                      **LEGAL STANDARD**

12         Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in

13    pertinent part:

14              **(a) Motion for an Order Compelling Disclosure or Discovery.**
              **(1) *In General*.** On notice to other parties and all affected persons,
15              a party may move for an order compelling disclosure or discovery.
              The motion must include a certification that the movant has in
16              good faith conferred or attempted to confer with the person or
              party failing to make disclosure or discovery in an effort to obtain
17              it without court action.

18    Fed. R. Civ. P. 37.

19         Rule 34 of the Federal Rule of Civil Procedure provides that a party may serve upon any

20    other party a request for production of any tangible thing within the party's possession, custody,

21    and control that is within the scope of Rule 26.  Fed. R. Civ. P. 34(a)(1)(B).  The party receiving

22    the request has thirty days in which to respond.  Fed. R. Civ. P. 34(b)(2).  A party may move for

23    an order compelling production where the opposing party fails to produce documents as

24    requested under Rule 34.  Fed. R. Civ. P. 37(a)(3(B)(iv).

25         Discovery is not limited to the issues raised in the pleadings but encompasses any matter

26    that bears on or reasonably could lead to other matter that bears on any issues that is or may be in

27    the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  However, discovery

28    does have ultimate and necessary boundaries.  Oppenheimer Fund, Inc., 437 U.S. at 351.  Rule 1

1  of the Federal Rules of Civil Procedure provides that the Federal Rules should be administered to

2  "secure the just, speedy, and inexpensive determination of every action and proceeding."

## III.

### DISPUTED DISCOVERY REQUESTS

Plaintiff brings this motion to compel production of documents in response to requests no. 30, 31, 33, 36, 39, and 41.

#### A.     Plaintiff's Requests for Production

Plaintiff's Request for Production No. 30 seeks "[a]ny and all government claims presented to the CITY OF FRESNO regarding any shooting incident involving Fresno Police Officers ZEBULON PRICE and MIGUEL LUCERO."  (Plaintiff's Request for Production of Documents to Defendant City of Fresno, Set One 8, ECF No. 19-2.)

Plaintiff's Request for Production No. 31 seeks "[a]ny and all internal affairs investigations of Fresno Police Officers ZEBULON PRICE and MIGUEL LUCERO."  (Id. at 8.)

Plaintiff's Request for Production No. 33 seeks "[a]ny and all investigations of Fresno Police Officers ZEBULON PRICE and MIGUEL LUCERO for use of excessive force."  (Id.)

Plaintiff's Request for Production No. 36 seeks "[a] copy of the CITY OF FRESNO POLICE DEPARTMENT discipline file of Fresno Police Officers ZEBULON PRICE and MIGUEL LUCERO, including employment applications, training, performance reviews, re-training and other documents contained therein."  (Id. at 9.)

Plaintiff's Request for Production No. 39 seeks "[a] copy of all lawsuits filed against Fresno Police Officers ZEBULON PRICE and MIGUEL LUCERO."  (Id.)

Plaintiff's Request for Production No. 41 seeks "[a]ny and all government claims presented to the CITY OF FRESNO regarding any incident alleging excessive force by Fresno Police Officers ZEBULON PRICE and MIGUEL LUCERO."  (Id.)

#### B.     Defendant's Response

Defendant responded to all requests with the following objection:

OBJECTION: This request is compound, overbroad, and unduly burdensome as phrased. This request calls for the production of documents or information that is/are equally available to the propounding party as to the

4

responding party, and thus this request is unduly burdensome and harassing. This request is not reasonably calculated to lead to the discovery of admissible evidence.

Additionally, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to privacy (as underscored and/or augmented by the statutory peace officer personnel records Pitchess privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or- in light of its broad phrasing so as to potentially include Defendants' attorneys- potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

(Defendant's Response to Plaintiff's Requests for Production, Set One 38-53, ECF No. 19-3.)

Defendant additionally made specific responses to each request agreeing to limited production of responsive documents. Defendant responded to Request for Production Nos. 30, 31, 33, 36 and 41 as follows:

Defendant is willing to produce internal affairs complaints and associated investigations regarding use of force and/or dishonesty regarding Officer Lucero and Officer Price which were made in the 5 year period prior to the Centeno incident. These documents would be produced subject to the Protective Order in this case.

(ECF No. 19-3 at 38-39.)

Defendant responded to Request for Production No. 39 as follows:

After a reasonable inqui1y and diligent search of the responding defendant's records and available sources of information, to the best of the responding defendant's knowledge, the **responding defendant does not have any records or documents in its possession, custody, or control** that appear to be responsive to this specific request.

(ECF No. 19-3 at 49-50 (emphasis in original.)

**IV.**

**DISCUSSION**

Rule 26, as recently amended, provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the

proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Information need not be admissible in evidence to be discoverable.  Fed. R. Civ. P. 26(b)(1).  The December 2015 amendment to Rule 26 was to restore the proportionality factors in defining the scope of discovery.  See Advisory Committee Notes to Rule 26(b)(1) 2015 Amendment.   Under the amended Rule 26, relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case.  In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc., 437 U.S. at 351. Discovery is designed to help define and clarify the issues.  Id.  Although relevancy is broadly defined for the purposes of discovery, it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted).  "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

## A.      Reports and Complaints Against Officers Lucero and Price

Plaintiff's Request for Productions Nos. 30, 31, 33, and 39 seek information regarding incidents involving Officers Price and Lucero.  The bulk of the parties' dispute in the current motion is whether Defendant must produce documents in Officers Lucero and Price's files relating to other incidents.  The Court notes that Plaintiff's requests can be broken down into three separate categories of document requests: 1) the instant incident; 2) incidents involving dishonesty of the Officers Price and Lucero;[2] and 3) other incidents involving Officers Price and

---

[2] This would be documents involving impeachment-type evidence of Officers Lucero and Price.  See Fed. R. Evid. 608-609.

Lucero.[3]

As to the first category, the instant incident, Defendant asserts that it has produced all incident-related investigative records, in its possession, custody, or control, including the Centeno incident's Internal Affairs ("IA") file.  Plaintiff has not demonstrated that Defendant has failed to produce any relevant documents for the incident alleged in the complaint.  Therefore, the Court denies the motion to produce supplemental responses to the request for discovery as to the incident alleged in this action.

As to the second category, incidents involving dishonesty of Officers Lucero and Price, Defendant has represented that there are no investigations or complaints or anything else in Officer Lucero and Price's personnel files which relate to impeachment and dishonesty.  At the November 30, 2016 hearing, Plaintiff's counsel argued that he wants to review the personnel files of Officers Lucero and Price to check that there actually is nothing in the files regarding impeachment and dishonesty.  However, Plaintiff's counsel was unable to provide the Court with any authority that allowed counsel to review the files or documents to make sure that the representation of the opposing party was accurate.  The Court is not aware of any authority for Plaintiff's request and finds that Plaintiff's counsel is not entitled to conduct a review of the files to verify that Defendant's response is correct.  The Court therefore denies Plaintiff's motion to compel further responses to the request seeking records regarding impeachment or dishonesty.  However, the parties are reminded of their continuing obligation to supplement discovery should responsive documents be discovered.

The issue remaining for the Court to determine is whether Plaintiff is entitled to investigations and complaints regarding other incidents in Officers Lucero and Price's files.  Defendant states that it currently possesses 18 IA and Internal Complaint ("IC") investigation files for Officer Lucero and 8 IA and IC investigation files for Officer Price.  (See Lt. Mindy Casto November 17, 2016 Decl. ("Casto Decl.") ¶¶ 33-35, ECF No. 20-2.)

---

[3] This would be documents involving character or impeachment-type evidence of Officers Lucero and Price.  See Fed. R. Evid. 404, 607-609.  Here, as with footnote 2, ultimately the discovery sought, while not required to be admissible itself, could, nevertheless, lead to relevant admissible evidence consistent with the Federal Rules of Evidence.

1        1.      Incidents Not Involving Excessive Force

2        In Request for Production No. 31 and 39, Plaintiff is seeking all incidents, which would

3   include incidents that do not involve excessive force.  Plaintiff proposes interviewing other

4   people who made complaints against Officers Lucero and Price to see if Officers Lucero and

5   Price acted in compliance with policy, and if they did not, to use that information for

6   impeachment purposes.

7        Courts find collateral matters which are not related to the type of incident in the case non-

8   discoverable.  See Gonzales v. City of Bakersfield, No. 1:16-cv-00107-JLT, 2016 WL 4474600,

9   at *6 (E.D. Cal. Aug. 25, 2016) (finding that a plaintiff suffering injury from use of non-deadly

10  force was not entitled to discovery of all deadly force incidents); Cathey v. City of Vallejo, No.

11  2:14-cv-01749-JAM-AC, 2016 WL 792783, at *1, 5 (E.D. Cal. March 1, 2016) (in action

12  alleging non-deadly excessive force used during arrest, discovery was limited to complaints of

13  non-lethal excessive force involving conduct alleged to have occurred while an arrestee was in

14  police custody); Harbridge v. Yates, 2015 WL 8213561, at *2 (E.D. Cal. Dec. 8, 2015) (request

15  for discovery on demotion due to alleged sexual harassment has no relation to excessive force

16  action).  Similarly, this Court finds that other investigations that do not involve allegations of

17  excessive force are not discoverable because they are not likely to make a fact at consequence in

18  this action more or less probable than it would be without the evidence and are therefore not

19  relevant.  Further, such discovery is not proportional to the needs of the case.  Accordingly,

20  Plaintiff's motion is denied as to these other investigations and complaints that do not involve

21  excessive force.

22       2.      Excessive Force Incidents

23       The Court next considers whether the incidents alleging excessive force are discoverable

24  in this action.  Defendant has included a list of all incidents for which privilege is claimed.  (ECF

25  No. 20-1 at 136-138.  Of the eighteen investigations involving Officer Lucero, four involve the

26  use of force.  (Id. at 136-137.)  Of the eight investigations involving Officer Price, there are four

27  incidents involving use of force.

28       The investigations and complaints against Officer Lucero show the following allegations

of use of force: 1) a February 24, 2009 shooting involving no injury that was found to be within policy; 2) a March 11, 2014 shooting involving a dog; 3) the Centeno incident which occurred on September 3, 2015; and 4) a March 24, 2016 unreasonable force complaint for which Officer Lucero was exonerated.  (Casto Decl. at ¶ 33; ECF No. 20-1 at 136-137.)  The investigations and complaints against Officer Price involving allegations of excessive force are:  1) a February 27, 2014 incident involving excessive force in manual restraint for which Officer Price was exonerated; 2) the Centeno incident; 3) a March 23, 2016 shooting, which was found to be within policy ("Gonzalez incident"); and 4) a March 24, 2016 unreasonable force complaint, for which Officer Price was exonerated.  (Casto Decl. at ¶ 33; ECF No. 20-1 at 137-138.)

The Court's discussion below focuses on the discoverability of the three excessive force investigations of Officer Lucero and the three excessive force investigations of Officer Price as Defendant has already produced the discovery for the Centeno incident.

**B.      Relevance and Proportionality of Requested Discovery**

First, the Court addresses Defendant's argument that the records regarding incidents other than the instant incident are not relevant and proportional to the needs of this case.  Defendant argues that it is unduly burdensome and wasteful to have Defendant produce the records of other incidents.  Plaintiff contends that the records regarding other incidents are relevant because a bad history of using excessive force or filing false police reports can show motive, plan, scheme, habit, custom, and tactics that relate to the use of force.

The Court finds that the discoverability of the other incidents can be broken down into four categories: 1) Officer Lucero's February 24, 2009 shooting incident; 2) Officer Lucero's March 11, 2014 shooting involving a dog; 3) the non-shooting excessive force complaints; and 4) the Gonzalez incident.

1.      Officer Lucero's February 24, 2009 shooting

The only pre-incident shooting involving an allegation of excessive force on a person is Officer Lucero's February 24, 2009 shooting.  In the complaint, Plaintiff alleges that the use of force in this action was excessive in violation of the Fourth Amendment.

"The Fourth Amendment provides that 'the right of the people to be secure in their

9

persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ." Terry v. Ohio, 392 U.S. 1, 8 (1968). The Constitution does not forbid all searches and seizures, but unreasonable searches and seizures. Terry, 392 U.S. at 9. The trier of fact in this action will be required to decide whether Officers Lucero and Price's actions during the instant incident constituted excessive force in violation of the Fourth Amendment. In an excessive force action, the relevant "question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (U.S. 1989); Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Wilkinson v. Torres, 610 F.3d 546, 550 (9th Cir. 2010) (quoting Graham, 490 U.S. at 396). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 397.

Other courts have found that prior complaints made against a defendant of excessive force or other claims of misconduct are discoverable when sufficiently similar to the claims brought in the instant suit. Chatman v. Felker, No. CIV S-93-2415 JAM KJM P, 2009 WL 173515, at *5 (E.D. Cal. Jan. 23, 2009) (collecting cases). Information regarding an officer's other incidents that are related to the subject matter of the instant incident can be used in determining credibility or in impeaching or cross-examining a witness at trial. Renshaw v. Ravert, 82 F.R.D. 361, 363 (E.D. Pa. 1979) (citing 4 Moore's Federal Practice P 26.56(1), at 26-117 to 26-119 (2d ed. 1976). "Complaints against officers . . . may show, among other things, the character or proclivity of such officers toward violent behavior or possible bias." Taylor v. Los Angeles Police Department, No. EDCV99–0383–RT(RCX), 1999 WL 33101661, *4 (C.D. Cal. 1999); see also Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D. Cal. 1995) (citizen complaints lodged against an officer are relevant to providing a defendant's history or pattern of such behavior); Miller v. Panucci, 141 F.R.D. 292, 296 (C.D. Cal. 1992) (finding request for

1   citizen complaints against officer in excessive force action relevant to <u>Monell</u> claims).

2       Here, the Court must determine whether the February 24, 2009 shooting is "sufficiently

3   similar" to the claims in the instant case.   Given the broad definition of relevancy under the

4   Federal Rules, investigations and complaints of pre-incident excessive force shootings are

5   relevant to the issues and defenses regarding the excessive force claim and the state law claims.

6   The jury will be tasked with determining which testimony to believe in this action.   Evidence

7   that Defendant Lucero had been involved in another allegedly excessive force shooting is

8   relevant to any pattern of such behavior.  <u>See</u> <u>Soto</u>, 162 F.R.D. at 620.   The investigation files of

9   the February 24, 2009 shooting, which involved an allegedly excessive force shooting by Officer

10  Lucero, may be relevant to multiple issues, including credibility, notice to the employer,

11  ratification by the employer, and motive of the officers.  <u>See</u> <u>Soto</u>, 162 F.R.D. at 613.

12      Defendant argues that California's <u>Pitchess</u> protections limit discovery only to officer

13  personnel file records prior to the incident at issue.   Defendant contends that the 2009 shooting is

14  not discoverable because under California law officer personnel file records for events more than

15  5 years before the incident may not be discovered.   There is also a section of the California Penal

16  Code which exempts from document retention requirements any officer personnel file records-

17  information more than 5 years old.  <u>See</u> Cal. Penal Code § 832.5(b).   However, as discussed in

18  detail below, while California privacy rights are considered by the Court, they do not govern the

19  discovery in this action.   The 2009 shooting is sufficiently similar to be discoverable in this

20  action and occurred approximately seven years prior to the instant incident.   The Court finds this

21  time period to be sufficiently recent to make this incident relevant to the claims at issue here.

22      Therefore, the Court finds that the IA complaints, investigations, and any tort claims

23  relating to Officer Lucero's February 24, 2009 shooting are discoverable.   The Court shall delay

24  the discussion on whether all documents which are found to be discoverable are entitled to

25  privilege <u>infra</u>.

26      2.     <u>Gonzalez incident</u>

27      Plaintiff argues that the Gonzalez incident, as a post-event incident involving an allegedly

28  excessive force shooting, is relevant to the <u>Monell</u> claim.   Defendant counters that the Gonzalez

incident cannot be part of the causal chain of events and is not admissible at trial in the instant matter, so it should not be discoverable.  Plaintiff replies that the incident is relevant as to whether Defendant has failed to supervise and discipline employees for constitutional violations.

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability.  Monell, 436 U.S. at 691.  Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom.  Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).  Generally, to establish municipal liability, the plaintiff must show that a constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, "and the policy was the moving force behind the constitutional violation."  Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009) (citation omitted); see also Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185-86 (9th Cir. 2002).

A custom or practice can be "inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'"  Hunter v. County of Sacramento, 652 F.3d 1225, 1233-34 (9th Cir. 2011) (citations omitted).  A "policy" is "a deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  Oviatt By and Through Waugh v. Pearce (Oviatt), 954 F.2d 1470, 1477 (9th Cir. 1992) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986) (plurality opinion)).

The Gonzalez incident involves allegations of an excessive force shooting, so it is similar to the instant incident and may show that Defendant had a policy that was the moving force behind the constitutional violation.  Although Defendant argues that the post-incident shooting is not admissible at trial, determining whether the information is discoverable does not mean that it must be admissible at trial.  See Fed. R. Civ. P. 26(b)(1)  (information is discoverable if it is relevant to any party's claim or defense and proportional to the needs of the case).  Defendant's argument regarding the admissibility of any shootings involving allegations of excessive force can be raised in a motion in limine to exclude evidence, but evidence need not be admissible to

be discoverable.  Fed. R. Civ. P. 26(b)(1).

The Ninth Circuit's decision in <u>Henry</u> controls the discoverability and admissibility of post-event evidence.  <u>See</u> <u>Henry v. Cty. of Shasta</u>, 132 F.3d 512, 519 (9th Cir. 1997), <u>opinion amended on denial of reh'g</u>, 137 F.3d 1372 (9th Cir. 1998).  "[P]ost-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but may be highly probative with respect to that inquiry."  <u>Henry</u>, 132 F.3d at 519 (citing <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 645 (9th Cir. 1991) (holding that post-incident behavior is relevant to municipal liability to the extent it reveals the municipality's policies already in place at the time of the constitutional violation)).

Plaintiff may be able to use information from the investigation of the Gonzalez incident to show that the Fresno Police Department had a policy of not properly investigating and disciplining excessive force shootings, which is relevant to Plaintiff's <u>Monell</u> claim.  Therefore, the Court finds that Gonzalez incident is relevant to the <u>Monell</u> claim and is discoverable.[4]

3. <u>Dog shooting incident</u>

There was an investigation of Officer Lucero's shooting of a dog on March 11, 2014, that was found to be within policy.  Although the dog was shot by Officer Lucero, it was not an incident involving excessive force similar to the instant incident.  This action is proceeding on a claim that Officer's Price and Lucero violated the Fourth Amendment by using excessive force.  However, since a dog is not a person with Fourth Amendment rights, the incidents are not sufficiently similar to make the incident relevant in this action.

During the November 30, 2016 hearing, Plaintiff argued that Officer Lucero's shooting of a dog goes to use of a weapon, use of force, and the training on use of a firearm.  However, Plaintiff was unable to provide any authority to support her position that the shooting of a dog would be relevant to the excessive force claims brought in this action.  The Court finds that the March 11, 2014 shooting of a dog by Officer Lucero is not sufficiently similar to the shooting of

---

[4] Although Defendant argues that the Gonzalez incident is not relevant because officers have an expectation of privacy in post-incident events documented in personnel files, the Court is not bound by California's <u>Pitchess</u> protections, as discussed herein.

a person to make the documents relevant in this action.   Therefore, Plaintiff's motion for production as to this incident is denied.

        4.      <u>Excessive force complaints not involving a shooting</u>

The Court next discusses the excessive force complaints that do not involve shootings. The two incidents are a February 27, 2014 excessive force incident in manual restraint involving Officer Price, and a March 24, 2016 unreasonable force complaint against both Officer Lucero and Officer Price.  (ECF No. 20-1 at 137-138.)  Plaintiff argues that if there was no discipline or there was ratification of Officers Lucero and Price's use of excessive force or filing false police reports, then that is relevant to the <u>Monell</u> municipal liability claim.[5]

"A local governmental entity is liable under § 1983 when 'action pursuant to official municipal policy of some nature cause[s] a constitutional tort.' "  <u>Oviatt</u>, 954 F.2d at 1473–74 (citations omitted).  However, the mere existence of a policy is not sufficient to trigger liability under section 1983, <u>id.</u> at 1477, the policy of the department has to be the moving force behind the constitutional violation, <u>see</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 326 (1981).  In order for a governmental entity to be held liable the plaintiff must demonstrate that the official policy evinces deliberate indifference to the plaintiff's constitutional rights.  <u>Oviatt</u>, 954 F.2d at 1477. This requires the plaintiff to show that "the need for more or different action 'is so obvious, and the inadequacy [of the current procedure] so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.' "  <u>Id.</u> (quoting <u>City of Canton</u>, 489 U.S. 378, 389 (1989)).

In this instance, Plaintiffs allege that the City of Fresno has unconstitutional policies that caused the death of the decedent.  (Compl. ¶¶ 3, 4.)  The complaint states that the decedent's death was caused by the "Defendant's unsafe and negligent pre-shooting tactics as well as their careless, wrongful and excessive use of force under the circumstances they encountered at the time of the shooting."  (<u>Id.</u> at ¶ 31.)  Plaintiffs allege that the City inadequately trained their

---

[5] Upon a review of the list of Officers Lucero and Price's IA and IC investigations, the Court notes that there are no investigations or complaints for filing false police reports.  Further, as stated above, Plaintiff's counsel is not entitled to conduct a review of Defendant's representations to make sure that there actually is nothing in the file.

1    employees in the proper use of firearms and tactics and dealing with suspects who are mentally

2    ill or under the influence of alcohol.  (Id. at ¶ 34.)  As a result of the failure to properly train on

3    the use of firearms and tactics, Officers Price and Lucero shot the decedent.  (Id.)  The complaint

4    also alleges that the City did not take reasonable steps to ascertain whether Officers Lucero and

5    Price were psychologically capable for performing such duties and whether they had a

6    propensity toward violence or toward over-reaction in typical public encounters.  (Id. at ¶ 35.)

7    Further, Plaintiffs contend that the City negligently retained Officers Lucero and Price when they

8    knew or should have known that on prior occasions the Officers created violent confrontations

9    leading to serious injury and death and failed to meaningfully discipline officers.  (Id. at ¶¶ 36,

10   37.)

11           There are two complaints relating to use of non-deadly force at issue.  First, Officer Price

12   was involved in an incident involving excessive force in manual restraint on February 27, 2014.

13   However, the use of force in using manual restraint is not sufficiently similar to be discoverable

14   in this action which involves a police shooting.  See Gonzales, 2016 WL 4474600, at *6 (finding

15   that a plaintiff suffering injury from use of non-deadly force was not entitled to discovery of all

16   deadly force incidents); Cathey, 2016 WL 792783, at *1, 5 (in action alleging non-deadly

17   excessive force used during arrest, discovery was limited to complaints of non-lethal excessive

18   force involving conduct alleged to have occurred while an arrestee was in police custody).  Here,

19   there are no allegations that manual restraint was used on decedent.  According to Plaintiffs the

20   shooting occurred within seconds of the officers arriving on the scene and therefore the Court

21   finds that this incident is not sufficiently similar to the incident alleged in this action.  Plaintiff's

22   motion to compel production of documents related to the February 27, 2014 incident is denied.

23           In the second incident, both Officer Lucero and Officer Price were involved in a

24   complaint for using unreasonable force on March 24, 2016.  Defendant has provided no

25   information on the circumstances underlying the complaint, other than it did not involve a

26   shooting. .  Because Defendant has not provided the basis for the use of force allegations, the

27   Court cannot make a finding regarding whether or not this incident would be sufficiently similar

28   to the allegations in this action.  As Defendant is the party resisting discovery, the Court finds

1    that Defendant has not met its burden to show that the documents regarding this incident are not

2    discoverable here.  Accordingly, the Court shall order production of records for the March 24,

3    2016 incident.

4            **C.      Other Documents in Personnel Files**

5            Plaintiff requests the discipline files of Officers Lucero and Price, including record of

6    discipline, use of force, employment application, training, reprimands, demotions, resignation,

7    retirement, or termination.  Defendant responds that it has already produced the training logs and

8    bulletins/curriculum for Officers Lucero and Price, and Defendant states that Officers Lucero

9    and Price have not been terminated or retired.  Further, Defendant argues that Plaintiff's request

10   is overbroad as it seeks documents that are not relevant in this action and are privileged.

11           Courts have repeatedly found that police personnel files and documents, including

12   periodic performance evaluations, commendations, discipline, and training records, are relevant

13   and discoverable in actions brought under section 1983.  Green v. Baca, 226 F.R.D. 624, 644

14   (C.D. Cal. 2005), order clarified, No. CV 02-204744MMMMANX, 2005 WL 283361 (C.D. Cal.

15   Jan. 31, 2005).  However, the Court finds that Plaintiff's request for the discipline file of Officers

16   Lucero and Price is overbroad as it encompasses items that would not be relevant to the use of

17   force claims that are proceeding in this action and does not contain any time period for the

18   requested documents.  Miller, 141 F.R.D. at 297.

19           Here, Plaintiff seeks Officer Price and Lucero's discipline file "including employment

20   applications, training, performance reviews, re-training and other documents contained therein."

21   ECF No. 19-2 at 8.  The training records and records of disciple on use of force would clearly be

22   relevant to the claims proceeding in this action.  The Court shall order production of any

23   responsive training records or records of discipline on use of force that have not already been

24   produced.

25           Further, the Officer's performance evaluations could be evidence to refute or support

26   Plaintiff's claims.  Giving weight to the privacy protections under California law for these type

27   of employment documents, these performance evaluations shall be provided to the Court for an

28   in camera review to determine if there are any relevant documents that should be produced.

1   However, Plaintiff has not demonstrated the relevance of the employment applications or

2   other documents sought.  Since the incident at issue in this action occurred on September 3,

3   2015, the Court finds that production of these non-incident related records should be limited to a

4   period from five years prior to the incident to the present.  Therefore, the Court shall order

5   Defendant to produce any documents in Officers Lucero and Price's personnel files that relate to

6   training or discipline records on the use of force for the period of September 3, 2010 though the

7   present.  Additionally, Defendant shall produce performance evaluations for Officers Lucero and

8   Price for the period of September 3, 2010 through the present for in camera review.

9        **D.      Lawsuits Filed Against Officers Price and Lucero**

10       Plaintiff also seeks "[a] copy of all lawsuits filed against Fresno Police Officers

11  ZEBULON PRICE and MIGUEL LUCERO."  (ECF 19-2 at 9.)  Defendant responded that they

12  did not have any responsive documents in their custody, possession or control.  Plaintiff has not

13  specifically addressed this request in the motion.

14       The request as propounded is clearly overbroad as it is not limited to only excessive force

15  actions nor does it specify a time period.  Therefore, the Court will order production of any

16  lawsuits filed against Officers Price and Lucero alleging the use of excessive force.  As Plaintiff

17  has not demonstrated that Defendant has any responsive documents in their custody, possession

18  or control, Plaintiff's motion to compel production is denied as to this request.  However,

19  Defendant is reminded of the duty to supplement the response should it come into possession of

20  responsive documents.

21       **E.      Privilege**

22       Based on the foregoing, the Court finds that Defendant should be ordered to produce

23  supplemental discovery regarding 1) Officer Lucero's February 24, 2009 shooting incident; 2)

24  the Gonzalez incident; 3) the complaint of unreasonable use of force on March 24, 2016 against

25  Officers Lucero and Price; 4) all documents that relate to the training or discipline on the use of

26  force in Officers Lucero and Price's discipline files for the period of September 3, 2010 through

27  the present; and 5) all performance evaluations for Officers Lucero and Price for the period from

28  September 3, 2010 through the present.  Defendant argues that the records are protected by the

official information privilege, and/or the deliberative process privilege.[6]  Defendant bears the burden to show why the otherwise discoverable documents are not subject to discovery because of privilege.  See Blankenship, 519 F.2d at 429.

"Privileged documents are exempt from disclosure."  United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996), cert. denied, 519 U.S. 927 (1996) (citing United States v. Morton Salt, 338 U.S. 632, 653 (1950)).  Rule 26 provides that when otherwise discoverable information is withheld under the rules on claims that it is privileged, any such claim shall be expressly made and shall describe the nature of the documents, communications, or things not produced or disclosed, in a manner that will enable assessment of the applicability of the privilege or protection without revealing the privileged or protected information itself.  Fed. R. Civ. P. 26(b)(5).  "Formally claiming a privilege should involve specifying which information and documents are privileged and for what reasons, especially when the nature of the information or documents does not reveal an obviously privileged matter."  Paulsen v. Case Corp., 168 F.R.D. 285, 289 (C.D. Cal. 1996) (citing Kerr v. United

---

[6] In the joint statement, Defendant also raised the ongoing investigation privilege.  However, at the hearing, Defendant stated that the ongoing investigation privilege does not apply at this time because there are no ongoing investigations.  Defendant states that if new investigations arise, the federal police investigative privilege may be applicable to those new investigations.

In the joint statement, Defendant also states that by using the term investigations Plaintiff sweeps into the scope of responsive documents any attorney-client and or work product privileged investigation which may have been conducted in anticipation of or response to this litigation.  "A party claiming attorney-client privilege must identify specific information and communications that are privileged and the grounds supporting invocation of the privilege for each allegedly privileged piece of evidence."  Green v. Baca, 226 F.R.D. 624, 650 (C.D. Cal. 2005) (citations omitted).  The party asserting the privilege has the burden of establishing all the elements, and "blanket assertions of the privilege are 'extremely disfavored.' "  Id. (citations omitted).  Defendant has attempted to meet the burden of establishing that the elements of the attorney-client privilege apply to any document at issue in this motion.

Under the Federal Rules of Civil Procedure, a party may not ordinarily "discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" unless "they are otherwise discoverable under Rule 26(b)(1); and the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed. R. Civ. P. 26(b)(3).  The work product doctrine shelters the metal processes of attorneys and applies to the attorney or his agents.  In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.), 357 F.3d 900, 907 (9th Cir. 2004).  "[T]o qualify for protection against discovery under [Rule 26(b)(3)], documents must have two characteristics: (1) they must be 'prepared in anticipation of litigation or for trial,' and (2) they must be prepared 'by or for another party or by or for that other party's representative.' "  Id.  The party asserting the work product doctrine has the burden of establishing that the materials are work product.  Green, 226 F.R.D. at 650.  Defendant's blanket assertion of work product is insufficient to satisfy its burden of proof to establish that the documents sought in this motion are work product.

States District Court, Northern District of California, 511 F.2d 192, 198 (9th Cir. 1975)).

In order to assist a court in determining whether a claim of privilege has been established, Federal Rule of Civil Procedure 26(b)(5) requires a party to submit a privilege log or its equivalent. See In re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992) (citing Dole v. Milonas, 889 F.2d 885, 888 n. 3, 890 (9th Cir. 1989); see also Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309485, *4 (E.D. Cal. 2007), recon. denied, 2007 WL 841696. In the context of a civil rights case against law enforcement, a detailed privilege log allows for a case-specific and fact-specific balancing of the interests of law enforcement, privacy interests of police officers or citizens, interests of civil rights plaintiffs, policies that inform the laws, and the needs of the judicial process. Kelly v. City of San Jose, 114 F.R.D. 653, 667-69 (N.D. Cal. 1987).

It is well established, and the parties concede, that for a federal civil rights case including federal question claims and pendent state law claims, federal law controls the issue of privilege. See Kerr, 511 F.2d at 197. However, as a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. Kelly, 114 F.R.D. at 656. The ultimate determination regarding the weight to be given to the state interest resides with the federal court. Id.

### 1.   Official Information Privilege

Defendant objects to the disclosure of information in Officers Lucero and Price's personnel files on the basis of the official information privilege. Plaintiff argues that Defendant cannot meet the requirements for asserting the official information privilege because Defendant did not attach a declaration to the discovery responses when Defendant responded to the discovery requests at issue. Plaintiff also contends that the requested documents are similar to documents that other courts have ordered defendants to produce.

Under Federal common law a qualified privilege exists for official information. Miller, 141 F.R.D. at 299. Police officials may assert the official information privilege for police personnel files. Soto, 162 F.R.D. at 615. The official information privilege is subject to the

competing interests of the requesting party, and is "subject to disclosure especially where protective measures are taken." Kerr, 511 F.2d at 198.  In determining whether the personnel files are entitled to the privilege, the court must weigh the potential benefit of disclosure against the potential disadvantages. Miller, 141 F.R.D. at 300.  The balancing is to be done on a case by case basis with the test moderately pre-weighted in favor of disclosure. Id.; Kelly, 114 F.R.D. at 661.

To make a substantial threshold showing of the official information privilege, a "party also must submit, at the time it files and serves its response to the discovery request, a declaration or affidavit, under oath and penalty of perjury, from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration." Kelly, 114 F.R.D. at 669.  The affidavit must include:

> (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality,
> (2) a statement that the official has personally reviewed the material in question,
> (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer,
> (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests,
> (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made.

Kelly, 114 F.R.D. at 670.

Although not required, "the agency's affidavit will contribute more to its goal of protecting the documents in question if the affidavit also describes how plaintiff could acquire, without undue economic burden, information of equivalent value from other sources." Id. Further, a general claim that the police department's internal investigatory system would be harmed by disclosure is not enough to satisfy the threshold to invoke the privilege. Soto, 162 F.R.D. at 615.

If the court finds that a defendant's submissions do not meet the threshold burdens, the court will order defendant to disclose the material. Kelly, 114 F.R.D. at 671.  If the court finds that defendant has met the threshold requirements to invoke the official information privilege, then the court orders an in camera review of the documents at issue. Id.  The court would offer

1  defendant an opportunity to submit a brief and additional supporting material and plaintiff would

2  have an opportunity to reply.  Id.

3       Although Plaintiff contends that the police chief needed to write the declaration, the head

4  of the department does not have to write the declaration.  Kelly, 114 F.R.D. at 669 (finding that

5  an affidavit from the head of the internal affairs unit or a person with some relevant supervisorial

6  or policy making role is sufficient).  Lt. Casto is a commander of the IA Division with Fresno

7  Police Department who is responsible for overseeing internal investigations regarding complaints

8  against Fresno Police Department officers.  (Casto Decl. at ¶¶ 1-2.)  Lt. Casto also maintains the

9  confidentiality of the IA investigation file portions of officer personnel files.  (Id.)  Therefore, Lt.

10 Casto is an appropriate person to author the declaration for the official information privilege.

11 However, Lt. Casto's declaration was not served at the time of Defendant's response to the

12 discovery request, as required by Kelly.  Lt. Casto's November 17, 2016 declaration was

13 provided to Plaintiff approximately 3 months after Defendant's August 17, 2016 responses.

14      Further, Lt. Casto's declaration does not adequately satisfy the threshold requirements for

15 invoking the official information privilege.  The party resisting discovery "must specifically

16 describe how disclosure of the requested documents in that particular case . . .would be harmful."

17 Soto, 162 F.R.D. at 614.  In Kelly, the police chief asserted that he believed that officers would

18 refuse to cooperate with Internal Affairs investigations without assurances of confidentiality.

19 Kelly, 114 F.R.D. at 672.  The court did not find that general claim of harm sufficient to meet the

20 threshold and held that "the party claiming the official information privilege must, at least,

21 specifically  describe  how  disclosure  under  a  carefully  tailored  protective  order  would

22 substantially harm a significant government interest and state how much harm would be done to

23 those threatened interests by disclosure in this particular case."  Id.  The Kelly court also found it

24 insufficient for a defendant to assert, without empirical evidence, that subjecting IA statements to

25 even limited disclosure would result in officers refusing to cooperate with IA investigations.  Id.

26      In determining privilege, courts give some weight to the privacy rights protected by state

27 constitutions and statutes, but balance those rights against the great weight afforded to federal

28 law in civil rights cases against law enforcement.  Soto, 162 F.R.D. at 616.  It would make no

sense to permit state law to determine what evidence is discoverable in cases brought pursuant to federal statutes whose central purpose is to protect citizens from abuses of power by state and local authorities.  <u>Kelly</u>, 114 F.R.D. at 656.

Here, Lt. Casto's declaration only makes general assertions of harm and does not demonstrate why disclosing the information under a protective order would harm a significant government interest.  <u>Kelly</u>, 114 F.R.D. at 672; <u>Soto</u>, 162 F.R.D. at 164.  Lt. Casto declares that "disclosure would likely chill future candor in analysis or evaluation, thereby preventing the Department from obtaining useful information by which it could improve its operations or the performance of its duties in or to reach important decisions regarding – the public service." (Casto Decl. ¶ 20.)  Lt. Casto states that "many civilian witnesses (and, in some cases, even officer witnesses) will refuse to cooperate with or provide information in Department investigations for fear that their involvement will become public, and wrong-doers will retaliate against them."  (<u>Id.</u>)  The Court finds that Lt. Casto's declaration is insufficient to meet the threshold requirements for the official information privilege because the declaration does not overcome the moderately weighted presumption in favor of disclosure.  <u>See</u> <u>Kelly</u>, 114 F.R.D. at 672.  Accordingly, the Court finds that the official information privilege is not applicable, and this objection is overruled.

### 2.  Deliberative Process Privilege

Defendant contends that the federal deliberative process privilege applies to non-incident officer personnel file records which Plaintiff seeks.  The deliberative process privilege is a part of the executive or governmental privilege and permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising a part of a process by which government decisions and policies are formulated."  <u>Federal Trade Commission v. Warner Communications, Inc.</u>, 742 F.2d 1156, 1161 (9th Cir. 1984).  It is designed so that officials who make agency decisions within the government can communicate candidly among themselves without having to fear that each remark will be discoverable and front page news.  <u>Id.</u> Even if the privilege applies, the requesting party may obtain discovery of materials if the need for the materials outweighs the governmental interest in keeping the decision-making process

1  confidential.  <u>Id.</u>  There are four factors to be considered: "(1) the relevance of the evidence; (2)

2  the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to

3  which disclosure would hinder frank and independent discussion regarding contemplated policies

4  and decisions."  <u>Id.</u>

5      Defendant cites to <u>Price v. County of San Diego</u>, 165 F.R.D. 614, 620 (S.D. Cal. 1996),

6  to support the argument that police records could be protected from disclosure by the deliberative

7  process privilege.  (ECF No. 19 at 45.)  In <u>Price</u>, some of the documents considered were

8  obtained by or relied upon by the Sheriff's Department in formulating their policies on hogtying.

9  165 F.R.D. at 617.  "In order to avoid discovery on the basis of the deliberative process privilege,

10  a document must meet two requirements: (1) the document must be predecisional—it must have

11  been generated before the adoption of the agency's policy or decision; and (2) the document

12  must be deliberative in nature, containing opinions recommendations, or advice about agency

13  policies."  <u>Id.</u> at 620.  The <u>Price</u> court held that some documents regarding hog tying were

14  entitled to the deliberative privilege, but ordered production of other documents finding that a

15  protective order could assuage any concern that disclosure of documents could impede on frank

16  and independent discussions regarding policies and decisions.  <u>Id.</u> at 620.  Since the documents

17  found to be entitled to the privilege are not identified in the order this provides little to support

18  the argument that the documents at issue here would be entitled to the privilege.  Further,

19  Defendant cites to no controlling authority that applies the deliberative process privilege to

20  internal affairs investigations in the context of a civil rights case.

21      Other courts in the Ninth Circuit have rejected a defendant's use of the deliberative

22  process privilege in relation to internal affairs investigations and police/witness statements, as

23  these communications are not designed to contribute to the formulation of important public

24  policy and are routinely generated.  <u>See Soto</u>, 162 F.R.D. at 612–13 ("The 'deliberative process'

25  privilege, closely related to the self-critical analysis privilege, is also inappropriate for use in

26  civil rights cases against police departments."); <u>Duenez v. City of Manteca</u>, No. 2:11-cv-1820-

27  LKK AC, 2013 WL 684654, at *12 (E.D. Cal. Feb. 22, 2013) (recognizing that other courts in

28  the Ninth Circuit have rejected the deliberative process privilege in relation to internal affairs

investigations and records of witness/police officer statements).

Therefore, the Court finds that Defendant has not demonstrated that the deliberative process privilege is applicable to the documents at issue in this action. Further, even if the deliberative process privilege could be applicable to internal affairs investigations and investigative complaints in a civil rights action, the Court finds that when a balancing of the relevant factors is done Plaintiff's need for the information outweighs the potential disadvantages. As discussed above, the information is relevant, it is not otherwise available to Plaintiff, it is the type of investigation document which is routinely generated by Defendant, and Defendant has not shown that disclosure would hinder frank and independent discussions regarding contemplated decisions and policies. Therefore, this objection is overruled.

## F.   Privacy Rights

Defendant also contends that the documents implicate privacy rights that are protected under California law. Defendant argues that the Court should look to state law when considering the application of privacy. As discussed above in the context of privilege, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. Kelly, 114 F.R.D. at 656. Therefore, the Court considers the interests of California privacy rights.

With respect to privacy rights, federal courts recognize a constitutionally-based right of privacy that may be asserted in response to discovery requests. Soto, 162 F.R.D. at 616. Resolving a claim of privacy rights requires the court to balance the need for the information sought against the privacy right asserted. Id. Also, a protective order that is carefully crafted can minimize the impact of the disclosure. Id.

Courts find that the privacy rights of law enforcement records are not inconsequential. Soto, 162 F.R.D. at 616. Courts should generally give some weight to the privacy rights that are protected by state constitutions or statues. Kelly, 114 F.R.D. at 656. But these rights are balanced against the great weight afforded to federal law in civil rights cases against law enforcement. Soto, 162 F.R.D. at 616. Generally, courts find that the privacy interests of the officer in his personnel file do not outweigh the civil rights plaintiff's need for the documents.

Id. at 617.

Defendant argues that because police officers in California have a reasonable expectation of privacy in all of their personnel file, and in light of Pitchess protections' mandatory exclusions from discovery, police officers have a reasonable expectation of privacy in records that concern events more than five years before the incident date, constitute the conclusions of any officer investigating a complaint, and/or regard facts so remote as to make disclosure of little or no practical benefit.

In weighing the privacy interests against the great weight afforded to federal law in civil rights cases against law enforcement, Plaintiff's need for the information outweighs the privacy interest under state law. The prior and post-incident complaints and investigations regarding the use of excessive force by Officers Lucero and Price, do not implicate the type of highly personal information that warrants constitutional safeguards. See Ramirez v. County of Los Angeles, 231 F.R.D. 407, 411 (C.D. Cal. 2005) (professional personnel records such as prior involvement in disciplinary proceedings or citizen complaints filed against officers are not the kind of "highly personal" information that warrants constitutional protection). Therefore, Officers Lucero and Price's privacy interest in these records is not substantial. Id.

The relevance of the excessive force complaints and investigations to the claims asserted in this action outweighs any expectation of privacy that the defendants have in the investigation and reports. Further, as discussed above, the 2009 shooting was less than 7 years prior to the instant incident, and is similar to the incident alleged in this action. Given the strong similarity to the incident alleged in this action, and the fact that it was less than seven years prior, the Court finds that Plaintiff's need for the information outweighs the officer's privacy interest.

Here, Plaintiff has no other manner in which to obtain the information sought regarding complaints against Officers Lucero and Price. The Court also considers that the parties have entered into a protective order in this action. (See ECF No. 12.) The protective order will sufficiently protect Officer Lucero and Price's privacy rights as it limits who the information may be made available to, provides the information may only be used in this action, and requires all confidential information to be destroyed or returned to Defendant at the close of this action.

Accordingly, balancing the interests represented here, the Court finds that Plaintiff's need for the records which the Court has found to be discoverable outweighs Officers Lucero and Price's privacy interest.  Therefore, this objection is overruled.

### G.     In Camera Review

Finally, Defendant seeks in camera review of any documents which the Court is inclined to order disclosed.  Plaintiff has agreed that Defendant may redact identifying information, such as addresses, dates of birth, social security numbers, etc., in making the required disclosures. The Court finds that an in camera review of the documents regarding excessive force incidents is not necessary because Defendant has not met the threshold standing for the federal official information privilege, which then triggers an in camera review.  Soto, 162 F.R.D. at 614.

While the Court recognizes that it could order in camera review of the documents ordered to be produced herein, in camera review is not intended to shift the burden of review of relevant documents from the parties to the Court.  In order to demonstrate that in camera review is appropriate, the moving party is required to make a showing that additional factual development is necessary that requires the Court to review the documents to determine if they should be provided to the opposing party.  Defendant has not met its burden in this instance.

However, as discussed in relation to the performance evaluations, the Court finds that the officers' privacy rights under California law weigh in favor of granting in camera review for these documents.   Therefore, Defendant shall produce responsive documents, other than performance evaluations, with personal information redacted subject to the protective order issued in this action.  Defendant shall produce responsive performance evaluations to the Court for in camera review.

### IV.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion to compel is GRANTED IN PART and on or before **January 17, 2017**, Defendant shall produce supplemental responses to Plaintiff's request for production of document as follows:

a.   Officer Lucero's February 24, 2009 shooting incident;

b.   The Gonzalez incident;

c.   The complaint of unreasonable use of force on March 24, 2016 against Officers Lucero and Price; and

d.   All documents that relate to the training or discipline on the use of force in Officers Lucero and Price's discipline files for the period of September 3, 2010 through the present;

3.   On or before **January 10, 2017**, Defendant shall submit to the Court all performance evaluations for Officers Lucero and Price for the period from September 3, 2010 through the present for in camera review;

4.   The remainder of Plaintiff's motion to compel is denied; and

5.   Defendant's opposition (ECF No. 20), except for the attached declarations and exhibits, is STRICKEN from the record.

IT IS SO ORDERED.

Dated:   **December 29, 2016**

UNITED STATES MAGISTRATE JUDGE