UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANNEL CENTENO, HERIBERTA CENTENO, and JOSE CENTENO,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, ZEBULON PRICE, and FELIPE MIGUEL LUCERO,<br><br>Defendants. | No. 1:16-cv-00653-DAD-SAB<br><br>ORDER GRANTING STAY OF ENTIRE ACTION PENDING INTERLOCUTORY APPEAL, DECLINING TO CERTIFY INTERLOCUTORY APPEAL AS FRIVOLOUS, AND DENYING PRETRIAL MOTIONS IN LIMINE AS MOOT<br><br>(Doc. Nos. 65–70; 71–76, 86, 89) |

On November 6, 2017, the court heard argument on defendants' motion to stay this entire action pending interlocutory appeal to the United States Court of Appeals for the Ninth Circuit (Doc. No. 86) and plaintiffs' motion to certify that interlocutory appeal as frivolous (Doc. No. 89). Attorney Humberto Guizar appeared on behalf of plaintiffs. Attorney Anthony Sain appeared on behalf of defendants. Following oral argument, the motions were taken under submission. For the reasons stated below, defendants' motion for a stay pending appeal will be granted, and plaintiffs' motion to certify defendants' interlocutory appeal as frivolous will be denied.

/////

/////

1

**BACKGROUND**

The facts in this case have been recounted in detail in the court's order granting in part and denying in part defendants' motion for summary judgment (Doc. No. 82 at 2–5) and will not be repeated in their entirety here. In summary, this case arises from a September 3, 2015 incident in which the two defendant Fresno Police Department Officers responded to a dispatch call and encountered decedent Freddy Centeno, who was then shot and killed. Plaintiffs—Mr. Centeno's adult daughter and his parents—have brought this civil rights action against the City of Fresno and the two defendant police officers. (*See* Doc. No. 1-2.)

On August 30, 2017, the court issued an order granting in part and denying in part defendants' motion for summary judgment and denying defendants' first motion *in limine*. (Doc. No. 82.) This action now proceeds on plaintiffs' Fourth Amendment claim against the defendant officers, as well as their state law wrongful death claim against all defendants. (*Id.* at 23.) On September 8, 2017, defendants filed a notice of appeal seeking interlocutory review of this court's order denying their motion for summary judgment on qualified immunity grounds. (Doc. No. 84.)[1]

On September 11, 2017, defendants moved to stay this action pending their interlocutory appeal. (Doc. No. 86.) On September 13, 2017, plaintiffs filed an ex parte application to certify defendants' interlocutory appeal as frivolous. (Doc. No. 89.) On October 24, 2017, plaintiffs filed an opposition to defendant's motion to stay. (Doc. No. 93.) Defendant's opposition to plaintiff's application to certify their interlocutory appeal as frivolous was filed that day. (Doc. No. 94.) Defendants' reply in support of their motion to stay and plaintiffs' reply in support of the application to certify defendants' interlocutory appeal as frivolous were both filed on October 31, 2017. (Doc. Nos. 95, 96.)

/////

---

[1] In their notice of appeal, defendants also refer to "other appropriate grounds" for appeal without stating what other grounds for interlocutory appeal might exist. *See Allen v. Sakai*, 48 F.3d 1082, 1085 (9th Cir. 1994) ("A defendant cannot inject into an interlocutory appeal issues that are otherwise not immediately appealable.") (citing *Abney v. United States*, 431 U.S. 651, 662–63 (1977)).

**LEGAL STANDARD**

Under 28 U.S.C. § 1291, circuit courts generally lack jurisdiction to hear interlocutory appeals from the denial of summary judgement. However, an exception applies where the movant was denied summary judgement on qualified immunity grounds. *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 944 (9th Cir. 2017) (citing *Knox v. Southwest Airlines*, 124 F.3d 1103, 1106 (9th Cir. 1997)). This is because qualified immunity is an immunity from suit rather than merely an affirmative defense, and "the immunity is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 512 (1985); *see also Isayeva*, 872 F.3d at 944-45. Accordingly, the circuit court has jurisdiction over an interlocutory appeal from a denial of summary judgment to "review a denial of qualified immunity where a defendant argues . . . that the facts, even when considered in the light most favorable to the plaintiff, show no violation of a constitutional right, or no violation of a right that is clearly established in law." *Isayeva*, 872 F.3d at 945 (internal quotation marks omitted); *see also Knox*, 124 F.3d at 1107 ("[W]e have jurisdiction over an interlocutory appeal from the denial of qualified immunity where the appeal focuses on whether the defendants violated a clearly established law given the undisputed facts, while we do not have jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts."). Thus, in order to present an issue with respect to qualified immunity subject to review on interlocutory appeal, "[t]he officials must present the appellate court with a legal issue that does not require the court to "consider the correctness of the plaintiff's version of the facts . . . ." *Cunningham v. City of Wenatchee*, 345 F.3d 802, 807 (9th Cir. 2003); *see also Pauluk v. Savage*, 836 F.3d 1117, 1121 (9th Cir. 2016) ("[W]e do have jurisdiction, construing the facts and drawing all inferences in favor of Plaintiffs, to decide whether the evidence demonstrates a violation by Wojcik and Savage, and whether such violation was in contravention of federal law that was clearly established at the time."). A properly brought interlocutory appeal of an order denying qualified immunity on summary judgment ordinarily divests the district court of jurisdiction to proceed with trial, unless the district court certifies in writing that the appeal is frivolous, in which case it may proceed with trial. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *see also Behrens v. Pelletier*, 516

U.S. 299, 310–11 (1996) (approving the process of certifying an appeal of a denial of qualified immunity as frivolous as it "enables the district court to retain jurisdiction pending summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings"); *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009). An appeal is frivolous if the results are obvious, or the arguments are wholly without merit. *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002); *see also In re George*, 322 F.3d 586, 591 (9th Cir. 2003); *Knox*, 124 F.3d at 1106 (Explaining that the strength of the appeal does not affect appellate jurisdiction and district courts may "prevent potential abuse from defendant officials by establishing summary procedures to weed out frivolous or simply repetitive motions.") "This means that the appeal must be so baseless that it does not invoke appellate jurisdiction such as when the disposition is so plainly correct that nothing can be said on the other side." *Schering Corp. v. First DataBank, Inc.*, No. C 07–01142 WHA, 2007 WL 1747115 at *3 (N.D. Cal. June 18, 2007) (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)).

**DISCUSSION**

The court will address defendants' motion to stay this action pending interlocutory appeal and plaintiffs' motion to certify the interlocutory appeal as frivolous together, as both motions involve essentially the same inquiry. In question is whether this action should be stayed pending defendants' appeal of this court's decision to deny defendants' motion for summary judgment brought on qualified immunity grounds.

Defendants contend that their interlocutory appeal concerning the denial of qualified immunity divests the trial court of jurisdiction and prohibits this action from proceeding to trial pending that appeal. (Doc. No. 86 at 5.) Defendants also represent that their interlocutory appeal is based upon their disagreement with this court's application of the law. (Doc. No. 94 at 7.) Defendants argue that the evidence on summary judgment, even when considered in the light most favorable to the plaintiffs, compels the conclusion that the defendant officers did not violate the Fourth Amendment or any other clearly established constitutional right. (*Id.*)

/////

/////

4

Plaintiffs argue that an interlocutory appeal is improper here, as it turns on disputed issues of material facts and is therefore frivolous.[2] (Doc. No. 89 at 4, 6, 11.) Plaintiffs also contend that certification of this matter for interlocutory appeal under 28 U.S.C. § 1292(b) would be inappropriate because "there is no controlling issue of law about which there is a difference of opinion." (*Id*. at 7.) The court finds plaintiffs' argument to be unpersuasive in the context of this case.[3]

Where qualified immunity is asserted in a case such as this, the questions for the court are: (1) whether the defendant's conduct violated a constitutional right; and (2) whether that right was "clearly established" at the time of the alleged violation. *Saucier v. Katz,* 533 U.S. 194, 201 (2001); *Pearson v. Callahan,* 555 U.S. 223, 232 (2009) (holding that the two prongs of the qualified immunity analysis need not be addressed in order); *Isayeva*, 872 F.3d at 945. Here, the court found that in light of the evidence presented on summary judgment, a reasonable trier of fact could find that the defendant officers' use of deadly force was unreasonable and return a verdict in plaintiffs' favor with respect to their Fourth Amendment claim. (Doc. No. 82 at 18-19.)[4] It is true that in denying summary judgment on qualified immunity grounds, the undersigned also observed that "a jury must determine whether the defendants' actions were

---

[2] Plaintiffs note that this court's denial of defendants' motion *in limine* is not subject to interlocutory appeal. (Doc. No. 89 at 8.) While that may be the case, defendants have not indicated that they seek review of the court's denial of their motion *in limine* in their interlocutory appeal. *See* fn. 1, above.

[3] At the outset, for instance, it must be noted that certification under § 1292 is not necessary for an interlocutory appeal from a denial of summary judgment on qualified immunity grounds pursuant to the collateral order doctrine, since the denial is deemed an appealable final decision within the meaning of 28 U.S.C. § 1291 despite the absence of a final judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 525-30 (1985); *Chuman*, 960 F.2d at 105.

[4] As to the second prong of the qualified immunity analysis, the Ninth Circuit has held that the question of whether a right is clearly established is "a question of law that only a judge can decide." *Morales v. Fry*, 873 F.3d 817, 821 (9th Cir. 2017); *see also Conner v. Heiman*, 672 F.3d 1126, 1131 (9th Cir. 2012). Here, the denial of qualified immunity was based on a determination that decedent's constitutional right not to be subject to the excessive use of force by police, under circumstances such as these, was clearly established at the time of the shooting on September 3, 2015, such that a reasonable officer would have understood his conduct to be unlawful in the situation presented (i.e. confronting and shooting a suspect who had a black plastic spray nozzle in his hand). (Doc. No. 82 at 18.)

reasonable under the circumstances." (*Id*. at 19) (citing *Hughes v. Kisela*, 862 F.3d 775, 785 (9th Cir. 2016) ("The application of qualified immunity in this case will depend upon the facts as determined by a jury.")). However, the Ninth Circuit has instructed "the existence of a genuine dispute about the reasonableness of an officer's use of force does not . . . eliminate any basis for an immediate appeal of denial of qualified immunity." *Isayeva*, 872 F.3d at 945 (citing *Mattos v. Agarano*, 661 F.3d 433, 446 (9th Cir. 2011) (en banc)); *see also Ames v. King Cty*., 846 F.3d 340, 347 (9th Cir. 2017) ("[W]e may properly review a denial of qualified immunity where a defendant argues . . . that the facts, even when considered in the light most favorable to the plaintiff, show no violation of a constitutional right, or no violation of a right that is clearly established in law.").[5]

In the absence of a certification by this court that defendants' claim of entitlement to qualified immunity is frivolous or has otherwise been waived, "the district court is automatically divested of jurisdiction to proceed with trial pending appeal." *Chuman*, 960 F.2d at 105. Here, the court declines to certify defendants' interlocutory appeal as frivolous. Plaintiffs argue that certification as such is appropriate because this court's qualified immunity ruling was based on disputed issues of material fact. (Doc. No. 89 at 10.) For the reasons set forth above, the court finds this argument unpersuasive. Additionally, the court declines to conclude that defendants' interlocutory appeal is "wholly without merit." *Kitsap*, 314 F.3d at 103, n.3. While the court believes that it correctly determined that defendants were not entitled to qualified immunity based upon the evidence submitted on summary judgment, this does not mean defendants' appeal is wholly without merit. As discussed in this court's order on summary judgment, the question of when and under what circumstances, defendants in excessive use of force cases, particularly those involving use of deadly force, are entitled to qualified immunity, is arguably complex and one

---

[5] The court notes that, consistent with this instruction from the Ninth Circuit, there are a number of examples of that court affirming or reversing the denial of qualified immunity on summary judgment in ruling upon interlocutory appeals. *See, e.g., Isayeva*, 872 F.3d at 938; *Estate of Lopez by & through Lopez v. Gelhaus*, 871 F.3d 998, 1007-1022 (9th Cir. 2017); *Woodward v. City of Tucson*, 870 F.3d 1154, 1161-63 (9th Cir. 2017); *George v. Morris*, 736 F.3d 829, 836-40 (9th Cir. 2013); *Mattos*, 661 F.3d at 433 (9th Cir. 2011); *Evans v. City of Los Angeles*, 446 Fed. App'x 4, *1 (9th Cir. 2011); *Adams v. Speers*, 473 F.3d 989, 993-94 (9th Cir. 2007).

with which courts have grappled with. (Doc. No. 82 at 16-19). Accordingly, the court declines to certify defendants' interlocutory appeal as frivolous and will deny plaintiffs' ex parte application.

Having decided to allow the action to be stayed pending defendants' interlocutory appeal, the court turns to defendants' request that the court also stay proceedings with respect to plaintiffs' state law wrongful death claims pending the Ninth Circuit review of the denial of qualified immunity. Defendants argue that granting a stay of the entire proceeding will avoid complications that may arise if some of plaintiffs' claims were to be permitted to proceed during the pendency of an interlocutory appeal. (Doc. No. 86 at 6.) Defendants assert that the Ninth Circuit has pendent appellate jurisdiction over the state law wrongful death claim because those claims arise from the same conduct as alleged in support of plaintiffs' federal constitutional claims. (*Id.* at 7.) In their opposition to the motion to stay, plaintiffs do not separately address whether the remaining state law wrongful death claims should be stayed. (Doc. No. 93 at 4.)

Regardless of whether the Ninth Circuit was to exercise pendent appellate jurisdiction[6] in any fashion in this case, the undersigned concludes that it would not be a wise use of judicial resources to bifurcate the trial and separately try plaintiffs' state law wrongful death claims. Those claims are based on essentially the same evidence as plaintiffs' constitutional claims. Accordingly, the court will stay the entire case pending resolution of defendants' interlocutory appeal.

**CONCLUSION**

For the reasons described above:

1. Defendants' motion to stay this action (Doc. No. 86) is granted, and the court stays this case in its entirety pending resolution of defendants' interlocutory appeal;
2. Plaintiffs' motion to certify defendants' interlocutory appeal as frivolous (Doc. No. 89) is denied; and

/////

---

[6] *See Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 50-51 (1995); *Cunningham v. Gates*, 229 F.3d 1271, 1284 (9th Cir. 2000), as amended (Oct. 31, 2000); *California v. Campbell*, 138 F.3d 772 (9th Cir. 1998); *Marks v. Clarke*, 102 F.3d 1012, 1018 (9th Cir. 1996).

3. The parties' pretrial motions *in limine* (Doc. Nos. 65–70; 71–76) are denied as having been rendered moot by this order granting a stay of the action in its entirety, without prejudice to the renewal of those motions *in limine*, if appropriate, by re-noticing them for hearing and incorporating them by reference in such a notice.

IT IS SO ORDERED.

Dated: **March 12, 2018**

*Dale A. Drozd*

UNITED STATES DISTRICT JUDGE