UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANNEL CENTENO, HERIBERTA CENTENO, and JOSE CENTENO,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, ZEBULON PRICE, and FELIPE MIGUEL LUCERO,<br><br>Defendants. | No. 1:16-cv-00653-DAD-SAB<br><br>ORDER DENYING DEFENDANTS' MOTION TO AMEND THE JUDGMENT AND REMANDING ACTION TO STATE COURT<br><br>(Doc. No. 106) |

This matter is before the court on defendants' motion to amend the judgment. (Doc. No. 106.) On February 20, 2019, that motion came before the court for hearing. Attorney Humberto Guizar appeared on behalf of plaintiffs, and attorney Anthony M. Sain appeared on behalf of defendants. Having considered the parties' briefing, and having heard the views of counsel, the court will deny defendants' motion. Moreover, because the only remaining claim in this action arises under state law, and because the court declines to exercise supplemental jurisdiction over that claim, the court will remand this action to the Fresno County Superior Court, from which it was removed.

**BACKGROUND**

The factual background of this case has been addressed in prior orders, and will be discussed here only as relevant to resolution of the pending motion. On August 30, 2017, the

1

undersigned issued an order granting in part and denying in part defendants' motion for summary judgment. (Doc. No. 82.) Specifically, the court granted summary judgment in favor of defendants with respect to plaintiffs' Fourteenth Amendment claim, *Monell* claims, and certain aspects of plaintiffs' state law wrongful death claims. (*Id.* at 23.) However, the court also found that the existence of disputed issues of material fact precluded the granting of summary judgment in favor of defendants as to plaintiffs' wrongful death claim brought under state law as well the Fourth Amendment claim, and that the question of whether defendants were entitled to qualified immunity depended upon the facts as determined by a jury. (*Id.* at 15, 19.) Defendants timely filed an interlocutory appeal of the court's denial of summary judgment on qualified immunity grounds. (Doc. No. 84.) On October 25, 2018, the United States Court of Appeals for the Ninth Circuit issued an unpublished memorandum reversing that denial of qualified immunity on summary judgment, declining to address the state-law claim, and remanding the case to this court. *Centeno v. City of Fresno*, 740 Fed. App'x 597, 598–99 (9th Cir. 2018). Accordingly, this case now proceeds only on plaintiffs' state law claim for wrongful death.

Defendants now argue that this court erred not only in denying defendants Lucero and Price qualified immunity on summary judgment, but also erred in finding a triable issue of fact with respect to the underlying constitutional violation. Specifically, they contend that under the unique circumstances of this case, the Ninth Circuit's finding that defendants were entitled to qualified immunity also necessitates a finding that their use of force was reasonable under the Fourth Amendment as a matter of law. To that end, on December 14, 2018, defendants filed the instant motion to amend the judgment, inviting the court to revisit its prior ruling under Federal Rule of Civil Procedure 60(b)(6). (Doc. No. 106.) On January 22, 2019, plaintiffs filed their opposition brief. (Doc. No. 108.) Defendants filed their reply on February 13, 2019. (Doc. No. 110.)

**LEGAL STANDARD**

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196–97 (9th Cir. 2009) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

Generally speaking, such a motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."[1] *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also*

---

[1] The Local Rules of this court require, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered. Local Rule 230(j).

*Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (citation omitted).

## ANALYSIS

Defendants' motion is made pursuant to Rule 60(b)(6), the "catch-all" provision of Rule 60. *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007). In their motion, defendants state that the language of the Ninth Circuit's order demonstrates the use of force by defendants Lucero and Price was reasonable as a matter of Fourth Amendment law. In addition, defendants argue that because plaintiffs' remaining state law claims are essentially coextensive with the federal claims that have now been resolved, the court should also grant summary judgment in favor of defendants as to plaintiffs' remaining state law wrongful death claims.[2]

It appears that defendants' motion is premised upon the contention that the court erred as a matter of law in concluding that a triable issue of fact remained as to whether the defendant officers' use of force was reasonable.[3] Even were this the case, which the undersigned does not believe, it does not follow that the requested relief should be granted under Rule 60. The circuits are presently split as to whether legal error, standing alone, can ever be a valid basis for a Rule 60(b) motion. Some have stated categorically that it is not. *See Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 173 (3d Cir. 2004) ("Legal error does not by itself warrant the application of Rule 60(b).") (brackets omitted); *Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1017 (7th Cir. 2002) ("A legal error by the district court is not one of the specified grounds for such a motion. In fact it is a forbidden ground[.]"). Others have held that legal error may be a basis for a Rule 60(b) motion, but that it is cognizable only under subsection (b)(1). *See*

---

[2] As noted above, in reversing in part this court's denial of summary judgment in favor of defendants the Ninth Circuit declined to reach plaintiffs' state-law claim, concluding that it was not inextricably intertwined with the qualified immunity defense before the court on interlocutory appeal. *Centeno v. City of Fresno*, 740 Fed. App'x 597, 598–99 (9th Cir. 2018).

[3] At oral argument, defendants' counsel stated that the pending motion was not based on any alleged error of law committed by this court, but was instead based on the "rationale and reasoning" of the Ninth Circuit's opinion. The court finds this contention to be both unpersuasive and a distinction without a difference.

4

*Pierce v. United Mine Workers of Am. Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985) ("This Court has recognized a claim of legal error as subsumed in the category of mistake under Rule 60(b)(1)."); *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964) (recognizing that a party may move to amend a judgment under subsection (b)(1) due to an intervening change in binding precedent).

In *Plotkin v. Pacific Telephone & Telegraph Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982), the Ninth Circuit stated flatly that "[l]egal error does not by itself warrant the application of Rule 60(b)." Subsequently, however, an *en banc* panel of the Ninth Circuit suggested that the failure to correct a "clearly erroneous" order pursuant to a Rule 60(b) motion could constitute an abuse of discretion. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999) (*en banc*). In harmonizing these opinions, it appears that a clearly erroneous order can be corrected by way of a Rule 60(b) motion, although whether subsection (b)(1) or subsection (b)(6) is the proper vehicle to do so remains unanswered in this Circuit.[4] *See Perez v. State Farm Mut. Auto. Ins. Co.*, 291 F.R.D. 425, 436 (N.D. Cal. 2013) (denying a motion made under Rules 52 and 60 after finding no clear error, mistake, or manifest injustice), *aff'd*, 628 Fed. App'x 534 (9th Cir. 2016).

Even assuming defendants' motion could be properly based on Rule 60(b)(6), defendants have plainly failed to carry their burden. *See Buck v. Davis*, ___ U.S. ___, ___, 137 S. Ct. 759, 777 (2017) (noting that "relief under Rule 60(b)(6) is available only in 'extraordinary circumstances'"). None of the cases cited by defendants categorically state that regardless of the other circumstances, where officers reasonably believe an individual to be armed, and that individual reaches to his waistband and pulls out an unidentified small black object, the officers are legally authorized to immediately use deadly force. Certainly, some cases have held that under the peculiar facts of those cases, officers were entitled to use deadly force when an individual reached for his waistband. *See, e.g.*, *Cruz v. City of Anaheim*, 765 F.3d 1076–78 (9th

---

[4] This distinction is of importance to litigants because motions under Rule 60(b)(1) may only be made within one year after the entry of the order. Fed. R. Civ. P. 60(c)(1). By contrast, the only restriction on the timing of a Rule 60(b)(6) motion is that it must be made "within a reasonable time." *Id.* Indeed, it appears defendants in this case may have been time-barred from seeking relief under Rule 60(b)(1).

Cir. 2014) (stating that officers were entitled to use deadly force after an individual reached for his waistband, when officers (1) believed the individual to be armed, (2) were aware of a prior felony conviction involving use of a firearm, (3) had received information indicating that the individual would not be taken alive, and (4) attempted to flee from officers). In a subsequent decision, however, the Ninth Circuit noted that any rule established by the court in *Cruz* does not apply where the circumstances are "not . . . as threatening" as those posed by the decedent in *Cruz*. *Estate of Lopez ex rel. Lopez v. Gelhaus*, 871 F.3d 998, 1012 (9th Cir. 2017), *cert. denied*, ___ U.S. ___, 138 S. Ct. 2680 (2018); *see also Shannon v. County of Sacramento*, No. 2:15-CV-00967 KJM DB, 2018 WL 3861604, at *4–6 (E.D. Cal. Aug. 14, 2018). Because the evidence presented on summary judgment in this case is not akin to the evidence confronted in *Cruz*, that case does not control the disposition of this action. Moreover, the court is aware of no binding decision that even arguably stands for the rule advanced by defendants in their motion. Far from establishing clear error, defendants in the pending motion have not established that *any* error was committed with respect to this court's Fourth Amendment analysis as set forth in its order granting in part and denying in part defendants' motion for summary judgment. Defendants' motion to amend the judgment will therefore be denied.

Plaintiffs' remaining claim in this case is a state law wrongful death claim. Once all federal claims have been dismissed from a case, whether to retain jurisdiction over any remaining state law claims is left to the discretion of the district court. *See* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 537 (9th Cir. 1989). Generally, if federal claims are dismissed prior to trial, state law claims should be remanded to state court "both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Acri*, 114 F.3d at 1000.

/////

Here, the court concludes that the exercise of supplemental jurisdiction is not warranted in this case. Plaintiffs, who originally filed this action in state court, are entitled to some degree of deference regarding their choice of forum. *See Medina v. S. Cal. Permanente Med. Grp.*, No. CV16-3109 PSG JCX, 2017 WL 3575278, at *7 (C.D. Cal. July 21, 2017) ("[R]emanding would return this action to the Superior Court of Los Angeles, which was Plaintiff's original choice of forum."); *Abels v. GE Homeland Prot. Inc.*, No. C-11-5313-YGR, 2012 WL 1196148, at *1 (N.D. Cal. Apr. 10, 2012) ("The Court will respect Plaintiff's choice of forum to adjudicate these state law issues and will decline to exercise supplemental jurisdiction over her state law claims."). Moreover, all parties are located in California and are represented by California lawyers, thereby minimizing any concerns regarding convenience or fairness stemming from remand. *See Newman v. County of Fresno*, No. 1:16-cv-01099-DAD-BAM, 2018 WL 3533463, at *8 (E.D. Cal. July 20, 2018). The court finds the interests of comity and justice are best served by this court declining to exercise supplemental jurisdiction over the remaining state law claim. Plaintiffs' state law claim will therefore be remanded to the Fresno County Superior Court.

## CONCLUSION

For these reasons,

1. Defendants' motion to amend the judgment (Doc. No. 106) is denied;
2. The court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claim;
3. This action is remanded to Fresno County Superior Court; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 28, 2019**

UNITED STATES DISTRICT JUDGE